UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARTHUR W. LANDRY AND JEANNE ANDRY LANDRY** | * | |
| | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | JUDGE: |
| | * | |
| **PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE** | * | MAGISTRATE: |
| | * | |

**COMPLAINT FOR DAMAGES**

Plaintiffs, ARTHUR W. LANDRY and JEANNE ANDRY LANDRY, (Plaintiffs), respectfully submit this Complaint against Defendant PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE (Defendant), alleging the following:

**PARTIES**

**1.**

Plaintiffs ARTHUR W. LANDRY and JEANNE ANDRY LANDRY are persons of the full age of majority and are domiciled in and residents of Orleans Parish, Louisiana.

**2.**

Defendant PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE is a foreign corporation duly organized, incorporated, and existing under the laws of Florida, with its principal place of business in White Plains, New York, and authorized to do and doing business in the State of

Louisiana as a foreign insurer. Defendant may be served through its registered agent for service in Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## JURISDICTION AND VENUE

**3.**

This Court has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, as set forth above, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**4.**

This Court has personal jurisdiction over Defendant because Defendant maintains minimum contacts in the State of Louisiana and the claim at issue arises out of Defendant's doing business in the State of Louisiana.

**5.**

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claims stated herein occurred within this district and within the jurisdiction of this Court, and because the property that is the subject of this action is situated within this federal judicial district.

## FACTS

**6.**

On August 29, 2021, Hurricane Ida made landfall in Louisiana as a Category 4 hurricane with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars. The hurricane's winds, wind-driven rain, and life-threatening storm surge caused devastating damage to properties across the state, including extensive damage to Plaintiff's primary residence located at 5224 Pitt Street, New Orleans, Louisiana, 70115 (the Property).

**7.**

On August 29, 2021, Defendant had in place a policy of insurance covering the Property through an insurance contract between Defendant and Plaintiffs bearing Policy Number HO204917404 (the Policy).

**8.**

Plaintiffs timely and faithfully paid the required premium for the Policy to be in full force and effect on August 29, 2021.

**9.**

The Policy contains a hurricane and/or windstorm endorsement that created coverage for all the damage sustained at the Property caused by Hurricane Ida, including, but not limited to, dwelling coverage, contents, loss of use, recoverable depreciation, as well as all repairs/replacement costs.

**10.**

In compliance with the Policy, Plaintiffs promptly provided notice to Defendant of the extensive damage to the Property.

**11.**

As soon as was reasonably possible, Plaintiffs took steps to mitigate the damage to the Property caused by Hurricane Ida and thus prevent secondary damage.

**12.**

Despite more than sufficient proof of loss, Defendant failed to timely and adequately tender adequate payment in violation of the provisions of the Policy.

**13.**

Defendant's actions in failing to timely, fully, and fairly adjust Plaintiffs' claim are arbitrary, capricious, and without probable cause, making Defendant liable to Plaintiffs for damages, penalties, and attorney's fees pursuant to La. R.S. 22:1892 and 22:1973.

**14.**

Defendant is liable to Plaintiffs under the following legal theories:
1) Breach of contract;
2) Bad faith claims adjusting;
3) Negligent claims adjusting;
4) Intentional infliction of emotional distress;
5) Negligent infliction of emotional distress; and,
6) Any other legal theories of liability that may be found during discovery and proved at the trial of this matter.

**15.**

As a result of Hurricane Ida and Defendant's arbitrary and capricious claims adjusting, Plaintiffs have sustained, or will sustain in the future, the following non-exclusive damages:

1) Property damages;
2) Loss of contents;
3) Loss of use and enjoyment of property;
4) Additional living expenses;
5) Loss of investment value of funds used to offset Defendant's failure to pay, including lost interest;
6) Diminution of property value;
7) Mental anguish, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, frustration, disruption of life, and inconvenience;
8) Penalties as prescribed by La. R.S. 22:1892 and 22:1973;
9) Attorney's fees and costs of this litigation; and,
10) Any and all other damages which will be shown during discovery and proven at trial.

**WHEREFORE**, premises considered, Plaintiffs, ARTHUR W. LANDRY and JEANNE ANDRY LANDRY, pray that Defendant, PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE, be served with a copy of this Complaint and be duly cited to appear and answer same, and after due proceedings had, there be judgment entered in favor of Plaintiffs and against the Defendant in an amount that will fully compensate Plaintiffs for their damages pursuant to the evidence and in accordance with law, together with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all other general and equitable relief.

Respectfully Submitted:

*/s/ Arthur W. Landry*
Arthur W. Landry (7969)

*/s/ Jeanne Andry Landry*
Jeanne Andry Landry (19463)

ARTHUR W. LANDRY AND JEANNE ANDRY LANDRY,
ATTORNEYS AT LAW, LLC
710 Carondelet St., Ste. 100
New Orleans, LA  70130
Ph: (504) 581-4334
Email:  arthur@landrylawnola.net
           jeanne@landrylawnola.net